# Exhibit 5



10th June 2020,
London

The Honorable Jay Clayton
Chairman
U.S. Securities & Exchange Commission
100 F Street, N.W.
Washington, D.C. 20549


Dear Chairman Clayton:

**Re: Protection of minority shareholders**

We applaud the increased scrutiny of foreign companies listed in the United States. We are writing to you to communicate our views on how minority shareholder rights at foreign companies listed in the United States could be further protected.

Aberdeen Standard Investments manages a total of US$644.5bn of assets on behalf of governments, pension funds, insurers, companies, charities, foundations and individuals across 80 countries (as at 31 December 2019). As a responsible global investor, we leverage our scale and market position to raise standards in both the companies and industries in which we invest, and help drive best practice across the asset management industry.

On behalf of our clients we have invested in a number of companies listed in the United States that are generally classed as Chinese companies. Whilst these are not technically Chinese companies given they are generally incorporated in offshore jurisdictions, typically Cayman Islands, we refer to them as Chinese companies in this letter for convenience.

1. We have followed with great interest and concern the news around the Ensuring Quality Information and Transparency for Abroad-Based Listings on our Exchanges Act (EQUITABLE Act) and the Holding Foreign Companies Accountable Act.

2. Whilst we strongly agree with the importance of audit, and the role of the Public Company Accounting Oversight Board (PCAOB), we believe that regulation as currently drafted will lead to a wave of 'going private' transactions. Chinese companies, faced with an impossible choice between complying with PCAOB requests and China's rules that invoke State secret edicts, will begin a process that could potentially see over 200 Chinese companies with a total market capitalization of around US$1 trillion delist from exchanges in the United States. We believe that these transactions may be at prices that do not reflect the full value of the companies involved, with the transactions representing a transfer of value from minority investors to acquirers.

3. We are concerned that rules around 'going private' transactions do not sufficiently protect minority shareholders. Our understanding is that the overwhelming majority of Chinese companies 'going private' from United States

Aberdeen Asset Management PLC
10 Queen's Terrace, Aberdeen AB10 1YG
Telephone: +44 (0)1224 631999 Fax: +44 (0)1224 647010  aberdeenstandard.com

Registered in Scotland No. 82015. Registered Office 10 Queen's Terrace, Aberdeen AB10 1YG.
Aberdeen Standard Investments is a brand of the investment businesses of Aberdeen Asset Management and Standard Life Investments.



exchanges have involved a merger with a related entity combined with a 'going private' transaction, pursuant to Rule 13e-3 of the Securities Exchange Act of 1934. These transactions are typically subject to a vote of shareholders. However, all shareholders – including a buyer / consortium of buyers – are eligible to vote on this merger. For example, one recent transaction document stated:

> *As of the date of the accompanying proxy statement, the Buyer Group collectively beneficially owns 311,568,626 Class A ordinary shares (including Class A ordinary shares represented by the Company's American depositary shares ("ADSs"), each representing two Class A ordinary shares) and 97,518,374 Class B ordinary shares, representing approximately 75.6% of the Company's issued and outstanding Shares and 1,286,752,366 votes, or approximately 90.7% of the total number of votes represented by the Company's issued and outstanding Shares,* **which is more than the two-thirds majority necessary to approve a special resolution of the shareholders of the Company as required under Cayman Islands law to authorize and approve the Merger Agreement, the Plan of Merger and the Transactions, including the Merger.** *If the Merger is completed, the Company will continue its operations as a privately held company and will be beneficially owned by the Buyer Group and the Company's ADSs will no longer be listed on the NASDAQ Global Select Market ("NASDAQ"), and the ADS program for the Company's Class A ordinary shares will terminate.*

4. Permitting interested parties to vote effectively makes the vote in many cases a foregone conclusion. We urge the SEC to strongly consider implementing – as a matter of urgency – the protections that we see in other jurisdictions, including Hong Kong, where regulations are well-developed to deal with the risks to minority shareholders from abuse by controlling shareholders, and which require interested parties to abstain from voting on similar resolutions. This would give minority shareholders the opportunity to determine their own fate, and to reject what we believe could be valuations that dramatically undervalue these companies.

5. There is one current example which vividly illustrates this risk – 58.com Inc has received a preliminary non-binding proposal letter from a consortium that may result in a "going-private" transaction, wherein the consortium has proposed to acquire all of the outstanding ordinary shares of the Company for US$55.00 in cash per ADS. The first preliminary non-binding proposal letter was received on April 2nd of this year, a time of immense market volatility and depressed prices. A subsequent, updated, letter was received on April 30th; the terms of the updated letter are substantially the same as the original letter, save for the fact that a number of other parties, including Mr. Jinbo Yao, Chairman of the Board and Chief Executive Officer of 58.com, had joined the consortium. The fact that the first letter was received at the height of market volatility suggests a large degree of opportunism. The fact that the Chairman and Chief Executive Officer of 58.com had joined the consortium suggests a very clear conflict of interests. We note that the offer of US$55.00 in cash per ADS is significantly lower than the 52-week high of US$69.89 set only a few months previously, and substantially lower than what we believe to be the true value of the company.

6. Whilst there are ex-post enforcement avenues available to minority shareholders (including for example legal action), we do not believe that these are sufficiently demotivating given the extra-territoriality nature of these companies. Moreover, these ex-post enforcement avenues are costly both in terms of time and money and

Aberdeen Asset Management PLC
10 Queen's Terrace, Aberdeen AB10 1YG
Telephone: +44 (0)1224 631999 Fax: +44 (0)1224 647010  aberdeenstandard.com

Registered in Scotland No. 82015. Registered Office 10 Queen's Terrace, Aberdeen AB10 1YG.
Aberdeen Standard Investments is a brand of the investment businesses of Aberdeen Asset Management and Standard Life Investments.



effectively out of reach for many small investors. We, and other investors, would rather have our interests protected at the outset.

7. We also believe that other rules can be strengthened so as to provide greater protection for minority shareholders. These relate to the Foreign Private Issuer statuses that overseas companies can claim when listing in the United States.

8. As you will be aware, many overseas companies state that as Foreign Private Issuers they are exempt from certain provisions of the securities rules and regulations in the United States that are otherwise applicable to U.S. domestic issuers, including for example:

    a. the rules under the Exchange Act requiring the filing with the SEC of quarterly reports on Form 10-Q or current reports on Form 8-K;

    b. the sections of the Exchange Act regulating the solicitation of proxies, consents, or authorizations in respect of a security registered under the Exchange Act;

    c. the sections of the Exchange Act requiring insiders to file public reports of their stock ownership and trading activities and liability for insiders who profit from trades made in a short period of time; and

    d. the selective disclosure rules by issuers of material nonpublic information under Regulation FD.

9. In addition, NASDAQ (where many of these companies are listed) allows for more exemptions, which permit a Foreign Private Issuer to follow the corporate governance practices of its home country, not those of the United States. For example, these exemptions can permit a company to:

    a. constitute a board that includes less than a majority of independent directors;

    b. allow non-independent directors to serve as members of compensation and/or nominating committees; and

    c. avoid holding an annual meeting of shareholders.

10. In describing these exemptions, issuers generally state that "…you may not be afforded the same protections or information that would be made available to you were you investing in a U.S. domestic issuer" and that "…shareholders may be afforded less protection than they otherwise would under NASDAQ corporate governance listing standards applicable to U.S. domestic issuers". Allowing these exemptions for foreign companies ill suits minority investor protection.

11. We do not believe that these exemptions have merit, particularly when a "home country' is a jurisdiction of convenience, such as Cayman Islands.  Whilst we agree with the principle of Foreign Private Issuer status, we believe that some of the exemptions that companies can claim are damaging to the interests of shareholders. We urge the SEC to create a level playing field, and to require all companies – including Foreign Private Issuers – to

Aberdeen Asset Management PLC
10 Queen's Terrace, Aberdeen AB10 1YG
Telephone: +44 (0)1224 631999 Fax: +44 (0)1224 647010  aberdeenstandard.com

Registered in Scotland No. 82015. Registered Office 10 Queen's Terrace, Aberdeen AB10 1YG.
Aberdeen Standard Investments is a brand of the investment businesses of Aberdeen Asset Management and Standard Life Investments.



abide by certain fundamental tenets of corporate governance. Investors in these companies should be afforded the same protection as those provided to investors in U.S. domestic issuers. In particular, all companies should be required to:

a. constitute a majority independent board;

b. hold an annual general meeting;

c. be subject to requirements around stock ownership and trading activities and

d. be subject to the selective disclosure rules by issuers of material nonpublic information under Regulation FD.

We believe that adopting the changes we propose will strengthen the protection of minority shareholders, and will contribute to enhanced confidence in United States capital markets.

We hope that you will consider our comments and will take them as constructive input to the continuing development of corporate governance in the United States. The SEC has built a strong reputation with investors as a protector of minority interests, but we feel that these changes would address material gaps in these protections. Given the ongoing debate around the future of overseas listings, we feel that addressing these gaps should be a matter of urgency.

We appreciate your consideration of these important issues. For questions, please contact Joseph Andolina, Chief Risk Officer – Americas, at joseph.andolina@aberdeenstandard.com in the first instance.

With kindest personal regards,

Devan Kaloo
Global Head of Equities

Aberdeen Asset Management PLC
10 Queen's Terrace, Aberdeen AB10 1YG
Telephone: +44 (0)1224 631999 Fax: +44 (0)1224 647010  aberdeenstandard.com

Registered in Scotland No. 82015. Registered Office 10 Queen's Terrace, Aberdeen AB10 1YG.
Aberdeen Standard Investments is a brand of the investment businesses of Aberdeen Asset Management and Standard Life Investments.



cc:     Rod Paris, Chief Investment Officer
        Joseph Andolina, Chief Risk Officer - Americas

Aberdeen Asset Management PLC
10 Queen's Terrace, Aberdeen AB10 1YG
Telephone: +44 (0)1224 631999 Fax: +44 (0)1224 647010  aberdeenstandard.com

Registered in Scotland No. 82015. Registered Office 10 Queen's Terrace, Aberdeen AB10 1YG.
Aberdeen Standard Investments is a brand of the investment businesses of Aberdeen Asset Management and Standard Life Investments.